
FILED
2022 Mar-11  PM 02:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **SHIRLEETA LASHA DAVIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **1:20-CV-01284-LSC** |
| | ) | |
| **ANDREW SAUL** | ) | |
| **COMISSIONER OF** | ) | |
| **SOCIAL SECURITY** | ) | |
| | ) | |
| **Defendant** | ) | |

## MEMORANDUM OF OPINION

### I.    Introduction

The plaintiff, Shirleeta Lasha Davis ("Davis" or "Plaintiff"), appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Disability Insurance and Disability Insurance Benefits ("SSDI"). Davis timely pursued and exhausted her administrative remedies, and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Davis was 49 years old at the time of her SSI application, and she attended school through the twelfth grade. (Tr. 23, 292, 298.) Her past work includes

experience as a cook. (Tr. 23, 298) Plaintiff claims that she became disabled on April 25, 2018, primarily due to "debilitating knee pain and pain from fibromyalgia." (Doc. 12 at 6.)

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled and thus eligible for SSI. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The evaluator will follow the steps in order until making a finding of either disabled or not disabled; if no finding is made, the analysis will proceed to the next step. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first step requires the evaluator to determine whether the plaintiff is engaged in substantial gainful activity ("SGA"). *Id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the plaintiff is not engaged in SGA, the evaluator moves on to the next step.

The second step requires the evaluator to consider the combined severity of the plaintiff's medically determinable physical and mental impairments. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An individual impairment or combination of impairments that is not classified as "severe" and does not satisfy the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 will result in a finding of not disabled. *Id.* The decision depends on the medical evidence contained in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971) (concluding that

"substantial evidence in the record" adequately supported the finding that the plaintiff was not disabled).

Similarly, the third step requires the evaluator to consider whether the plaintiff's impairment or combination of impairments meets or is medically equal to the criteria of impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the criteria of a listed impairment and the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 are satisfied, the evaluator will make a finding of disabled. *Id*.

If the plaintiff's impairment or combination of impairments does not meet or medically equal a listed impairment, the evaluator must determine the plaintiff's residual functional capacity ("RFC") before proceeding to the fourth step. *See id.* §§ 404.1520(e), 416.920(e). The fourth step requires the evaluator to determine whether the plaintiff has the RFC to perform the requirements of his past relevant work. *See id*. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the plaintiff's impairment or combination of impairments does not prevent her from performing his past relevant work, the evaluator will make a finding of not disabled. *Id*.

The fifth and final step requires the evaluator to consider the plaintiff's RFC, age, education, and work experience in order to determine whether the plaintiff can make an adjustment to other work. *Id*. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the

plaintiff can perform other work, the evaluator will find her not disabled. *Id*.; *see also* 20 C.F.R. §§ 404.1520(g), 416.920(g). If the plaintiff cannot perform other work the evaluator will find her disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v), 416.920(g).

Applying the sequential evaluation process, the Administrative Law Judge ("ALJ") found that Plaintiff has not engaged in SGA since April 25, 2018, the alleged date of the onset of her disability. (Tr. 13.) According to the ALJ, Plaintiff's obesity, arthritis, right knee medial meniscus tear, and depression are "severe impairments." (*Id*.) However, the ALJ found that these impairments or combination of these impairments neither meet nor medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 15.) The ALJ determined that Plaintiff has the following RFC:

> [T]o perform light work as defined in 20 CFR 404.1567(b) except as a part of the job requirement is not able to perform in concentrated exposure to hazards, extreme cold temperatures, vibration, or environments with fumes, odors, gases, or ventilation, etc.; can occasionally climb ladders, ramps, or stairs; can frequently balance, stoop, or crouch; rarely kneel or crawl, with rarely is defined as not more than 10% of the workday; not have to traverse rough or uneven terrain; can perform simple routine tasks with no more than occasional interaction with the public, supervisors, or co-workers, and the interaction would be brief, meaning no more than 30 minutes at any one time; any change in the work setting or expectations should be no more than occasional and should also be gradually introduced; and would need to change postures from an upright, standing or walking posture

to a seated posture, not a timed basis, but would not occur any more frequently than every 30 minutes and would remain on task regardless of posture.

(Tr. 16-17.)

According to the ALJ, Plaintiff is unable to perform her past relevant work. (Tr. 22.) The ALJ also determined that Plaintiff was a "younger individual age 45-49" at 49 years old on the alleged disability onset date, but her age category subsequently changed to closely approaching advanced age. (Tr. 23.) The ALJ also found that Plaintiff has at least a high school education, and is able to speak English, as those terms are defined by the regulations. (*Id.*) Because Plaintiff cannot perform the full range of light work as defined in 20 CFR 404.1567(b), the ALJ enlisted a vocational expert ("VE") and used Medical-Vocational Rules as a guideline for finding that Plaintiff's prior relevant work has transferrable skills that allow her to work as a short order cook, which is classified as light work. (*Id.*) Based on Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found that there are jobs in the national economy with a significant number of positions that Plaintiff is capable of performing, such as sampler, checker, and small products assembler. (*Id.*) The ALJ concluded his findings by stating that Plaintiff "has not been under a disability, as defined in the Social Security Act, from April 25, 2018, through the date of this decision." (Tr. 24.)

## II.     Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the commissioner, and (2) whether the correct legal standards were applied. *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). This Court gives deference to the factual findings of the Commissioner, provided those findings are supported by substantial evidence, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, this Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the proof preponderates

6

against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520. 1529 (11th Cir. 1990)).

However, no decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984)). Moreover, failure to apply the correct legal standards is grounds for reversal. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984) (citing *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1989)).

## III.   Discussion

Davis broadly argues that that ALJ erred in evaluating her subjective complaints consistent with the Eleventh Circuit Pain Standard, specifically that the ALJ did not consider her fibromyalgia a severe impairment, despite her complaints that she has to lie down half the day for pain management and that her medications cause drowsiness. (Doc. 12 at 5-13.)

Davis's subjective complaints alone are insufficient to establish a disability. *See* 20 C.F.R. §§ 404.1529(a), 416.926(a); *Edwards v. Sullivan*, 937 F.2d 580, 584

(11th Cir. 1991). Subjective testimony of pain and other symptoms may establish the presence of a disabling impairment if it is supported by medical evidence. *See Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995). The Eleventh Circuit applies a two-part pain standard when a plaintiff claims disability due to pain or other subjective symptoms. The plaintiff must show evidence of the underlying medical condition and either (1) objective medical evidence that confirms the severity of the alleged symptoms arising from the condition, or (2) that the objectively determined medical condition is of such a severity that it can reasonably be expected to give rise to the alleged symptoms. *See* 20 C.F.R. §§ 404.1529(a), (b), 416.929(a), (b); Social Security Ruling ("SSR") 16-3p, 2016 WL 1119029; *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002).

If the first part of the pain standard is satisfied, the ALJ then evaluates the intensity and persistence of Plaintiff's alleged symptoms and their effect on her ability to work. *See* 20 C.F.R. §§ 404.1529(c), 416.929(c); *Wilson*, 284 F.3d at 1225–26. In evaluating the extent to which the Plaintiff's symptoms, such as pain, affect her capacity to perform basic work activities, the ALJ will consider (1) objective medical evidence, (2) the nature of Plaintiff's symptoms, (3) the Plaintiff's daily activities, (4) precipitating and aggravating factors, (5) the effectiveness of medication, (6) treatment sought for relief of symptoms, (7) any measures the

Plaintiff takes to relieve symptoms, and (8) any conflicts between a Plaintiff's statements and the rest of evidence. *See* 20 C.F.R. §§ 404.1529(c)(3), (4), 416.929(c)(3), (4); SSR 16-3p. In order to discredit Plaintiff's statements, the ALJ must clearly "articulate explicit and adequate reasons." *See Dyer*, 395 F.3d at 1210.

A credibility determination is a question of fact subject only to limited review in the courts to ensure the finding is supported by substantial evidence. *See Hand v. Heckler*, 761 F.2d 1545, 1548–49 (11th Cir. 1985), *vacated for rehearing en banc*, 774 F.2d 428 (11th Cir. 1985), *reinstated sub nom.*, *Hand v. Bowen*, 793 F.2d 275 (11th Cir. 1986). Courts in the Eleventh Circuit will not disturb a clearly articulated finding supported by substantial evidence. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). However, a reversal is warranted if the decision contains no indication of the proper application of the pain standard. "The question is not . . . whether [the] ALJ could have reasonably credited [Plaintiff's] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011).

Plaintiff argues that the ALJ improperly required objective medical evidence to support her claim of disabling pain. (Doc. 12 at 8.) While the ALJ did not discredit her claims of pain, he ultimately determined that "the intensity, persistence, and limiting effects of these impairments are not consistent with the objective medical

evidence." (Tr. 18.) The ALJ noted that Plaintiff "takes medication for chronic pain and it successfully reduces her pain level." (Tr. 18, 516, 523, 527, 529, 531, 536, 538, 540, 544, 578, 582,585, 590.) Moreover, her gait and station were regularly noted to be normal and symmetric with smooth movement despite pain in her knee, and the ALJ noted the record indicates Plaintiff had near full range of motion in her right knee after surgery. (Tr. 18, 528, 532, 537, 541, 545, 564, 567, 571, 574, 577, 581, 585, 589, 594.)

The ALJ "considered [Plaintiff's] complaints of pain in determining her other impairments are severe medically determinable impairments that restricts [sic] her ability to perform some of the demands of work." (Tr. 14.) He pointed to the visit to Dr. Hensleigh on October 25, 2019, which occurred less than two weeks before the hearing before the ALJ, and noted that the records showed Plaintiff was "doing pretty well with no issues." (Tr. 603.)  Dr. Hensleigh discussed Plaintiff's desire to have a knee replacement, and the orthopedic surgeon's decision not to operate was correct because she was too young. (*Id.*) Her medication was still reducing her pain level, and her gait and station remained normal, even though she exhibited limited range of motion in her lower extremities. (*Id.*)

The ALJ also considered Plaintiff's responses on her function report. (Tr. 20-21.) Plaintiff reported that she helped care for her nephew and was able to care for

herself without special reminders, though she did express difficulty with lifting her arms to brush her hair. (Tr. 312-13.) Plaintiff also indicated she was able to prepare simple meals for herself, but she reported difficulties with cooking and cleaning. (Tr. 313.) Still, she able to drive, go out alone, and ride in a car, but she later indicated that she needed someone to accompany her. (Tr. 314-15.) Plaintiff's responses show she has no hobbies or social activities that she participates in, and she struggles to pay attention and follow instructions. (Tr. 315-16.) She also expressed difficulties in handling stress and changes in routine. (Tr. 317.)

After reviewing the evidence and concluding that Plaintiff's "impairments d[id] not meet any listing," the ALJ explained how he accounted for Plaintiff's subjective complaints of pain in determining her RFC, stating that her "impairments would reasonably limit her to light work as heavy lifting and carrying may exacerbate her pain." (Tr. 16, 22.) Furthermore, the ALJ believed that the limitation to light work "would significantly reduce the impact of her impairments." (*Id.*) "For the same reason," the ALJ said, "she is limited in her ability to climb and to perform certain postural maneuvers that could exacerbate her pain." (*Id.*) The ALJ added other limitations, such as exposure to hazards, extreme cold, or vibration because they can trigger pain. (*Id.*) Additionally, "[s]he should rarely kneel or crawl as these maneuvers could exacerbate the knee and back pain." (*Id.*) Plaintiff's RFC was also

11

limited by restricting her from traversing rough or uneven terrain, "as these types of terrains could exacerbate knee and/or back pain as well as pose a fall risk that could cause new or further injury or exacerbate her pain due to the fall." Finally, the ALJ added, "To control pain, she would need to change postures." (*Id.*) The record reflects the ALJ's careful consideration of the Plaintiff's subjective complaints of pain and his efforts to accommodate Plaintiff's limitations in his RFC.

As for Plaintiff's argument that her fibromyalgia should have been considered a severe impairment, the Court agrees with the ALJ that the evidence does not meet the requirements set forth in SSR 12-2p ("Ruling"), which governs how the Commissioner must consider fibromyalgia in the sequential evaluation process. *See* SSR 12-2p, 2012 WL 3104869. The Ruling essentially explains that fibromyalgia is a syndrome in which a person has long-term, body wide pain and tenderness in the joints, muscles, tendons, and other soft tissues. *See id.* It also acknowledges that this condition has been linked to fatigue, sleep problems, headaches, depression, and anxiety. *See id.* at *3 n.9. The ruling "provides guidance on how we develop evidence to establish that a person has a medically determinable impairment . . . and how we evaluate fibromyalgia in disability claims and continuing disability reviews under titles II and XVI of the Social Security Act." *See id.* SSR 12-2p provides that a person can establish that he or she has a medically determinable impairment of fibromyalgia

by providing evidence from an acceptable medical source. *Id.* at *2. Moreover, the Ruling provides:

> [W]e cannot rely upon the physician's diagnosis alone. The evidence must document that the physician reviewed the person's medical history and conducted a physical exam. We will review the physician's treatment notes to see if they are consistent with the diagnosis of FM, determine whether the person's symptoms have improved, worsened, or remained stable over time, and establish the physician's assessment over time of the person's physical strength and functional abilities.

*Id.*

Instead, the Ruling sets forth two methods by which a claimant may establish fibromyalgia as a medically determinable impairment. *Id.* at *2-*3. The first method is based on the 1990 American College of Rheumatology ("ACR") Criteria for the Classification of Fibromyalgia and requires the claimant to show all three of the following: (1) "[a] history of widespread pain"; (2) "[a]t least 11 positive tender points on physical examination … must be found bilaterally (on the left and right sides of the body) and both above and below the waist"; and (3) [e]vidence that other disorders could cause the symptoms or signs were excluded." *Id.* The second method is based on the 2010 ACR Preliminary Diagnostic Criteria and requires establishing all three of the following criteria:

1. A history of widespread pain…;

2. Repeated manifestations of six or more FM symptoms, signs, or co-occurring conditions, especially manifestations of fatigue, cognitive or memory problems ("fibro fog"), waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome; and

3. Evidence that other disorders that could cause these repeated manifestations of symptoms, signs, or co-occurring conditions were excluded….

(*Id.*) (footnotes omitted).

In this case, the ALJ noted Plaintiff's fibromyalgia, considered it throughout the decision, but ultimately found that it was not a severe impairment because the "medical evidence of record fails to establish [the] requirements" under SSR 12-2p. (Tr. 13-14, 16-22.). Thus, the ALJ complied with SSR 12-2p. The mere diagnosis of an impairment says nothing about its severity or limiting effects. *See Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005) (the relevant concern is the extent to which Plaintiff's impairments, by whatever name or diagnosis, limited her ability to work). Plaintiff has not pointed to any evidence showing how her fibromyalgia satisfied the requirements of SSR 12-2p or resulted in any restrictions on her ability to work in excess of her assessed RFC for a modified range of light work.

Indeed, the ALJ explained the evidence that was lacking. The ALJ first considered method one and concluded "[t]he [Plaintiff's] physical examinations fail to show the exclusionary documentation or the requisite number and/or locations of tender-points as required in the 1990 diagnostic criteria." (Tr. 14.) The ALJ

specifically pointed out that "Dr. Hensleigh only notes 'multiple tender points due to fibromyalgia' with no further explanation as required by this SSR." (Tr. 14, 467.) Turning to the second method, the ALJ states, "the evidence does not rule out other disorders as causing the symptoms or signs and the evidence fails to establish the repeated manifestations of six or more fibromyalgia symptoms, signs, and/or co-occurring conditions as required in the 2010 diagnostic criteria." (Tr. 14.) In fact, the ALJ's review of Dr. Hensleigh's treatment notes indicate that Plaintiff denied most of the symptoms set forth in the SSR. (Tr. 14; *see e.g.,* 426, 435, 447, 455-56, 464-65, 473-74, 516-17, 531-32, 536-37, 544-45, 588-89.) The Court agrees with the ALJ that the record does not offer evidence sufficient to establish fibromyalgia as a medically determinable impairment, and therefore, the ALJ did not err.

However, even if the ALJ erred in his finding that Plaintiff's fibromyalgia was not a medically determinable impairment, Plaintiff failed to show that the condition caused additional limitations on her ability to work than those evaluated by the ALJ in her other medically determinable impairments. Plaintiff has identified no harm that requires remand. *See Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) ("When, however, an incorrect application of the regulations results in harmless error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will stand."). Moreover, as noted above, the

ALJ accounted for any limitations that would be due to pain experienced as a result of her fibromyalgia in Plaintiff's RFC. (Tr. 16-22.)

Accordingly, the Court finds that the ALJ's decision is supported by substantial evidence, and the ALJ did not err in evaluating Plaintiff's subjective testimony or applying SSR 12-2p to assess Plaintiff's fibromyalgia diagnosis.

## IV.    Conclusion

Upon review of the administrative record, and considering Davis's argument, this Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

**DONE** AND **ORDERED** ON MARCH 11, 2022.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

206728